**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA — EASTERN DIVISION**

| | |
|---|---|
| IVAN DAVID DUQUE MANCERA,<br><br>              Petitioner,<br><br>    v.<br><br>WARDEN OF THE DESERT VIEW<br>FACILITY, et al.,<br><br>          Respondents. | Case No. EDCV 26-2937-AS<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

On May 29, 2026, Ivan David Duque Mancera (A# 240-327-212) ("Petitioner"), who is represented by counsel and is an immigration detainee in the custody of United States Immigration and Customs Enforcement ("ICE") at the Desert View Facility in Adelanto, California, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") claiming that Respondents have violated his Fifth Amendment due process rights, as well as the Immigration and Nationality Act ("INA") and the Administrative Procedure Act ("APA"), by re-detaining him on May 22, 2026, without a prior

hearing or any opportunity for release on bond, after he had spent the previous four years on supervised release. (Dkt. No. 1). He seeks immediate release and an injunction to prevent Respondents from re-detaining him without a prior hearing before a neutral decisionmaker where the government bears the burden to prove by clear and convincing evidence that he is a flight risk or danger to the community. (Id. at 16). The Petition was accompanied by an ex parte application for a temporary restraining order ("TRO") also seeking immediate release. (Dkt. No. 6).

On June 5, 2026, Respondents filed an Answer to the Petition contending that Petitioner was lawfully arrested by ICE following his arrest five days earlier by the Los Angeles Police Department ("LAPD") for reckless driving. (Dkt. No. 10). Respondents assert that any relief here should be limited to ordering a bond hearing under 8 U.S.C. § 1226(a). (Id. at 2-3). On June 9, 2026, Petitioner filed a Reply arguing that immediate release is warranted because due process entitled him to a pre-deprivation hearing upon his May 22 arrest by ICE, notwithstanding his recent LAPD arrest, and the failure to provide such process cannot adequately be remedied by a post-deprivation hearing. (Dkt. No. 11).

For the reasons stated below, the Petition is GRANTED; the TRO application is DENIED as moot; Respondents are ORDERED to release Petitioner immediately from immigration detention under the same conditions to which he was subject prior to his current detention; and Respondents are further ENJOINED and RESTRAINED from re-detaining Petitioner without providing him with notice and a

pre-deprivation hearing before a neutral decisionmaker at which the government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community.[1]

## BACKGROUND

Petitioner, age twenty-eight, is a native and citizen of Colombia who entered the United States on May 24, 2022, and was detained by ICE upon entry and charged as removable under INA section 212(a)(6)(A)(i), 8 U.S.C. 1182(a)(6)(A)(i). (Petition ¶ 34, Ex. B). After being determined to be neither a flight risk nor a danger to the community, he was released on his own recognizance, with requirements to check in periodically with ICE. (Id.).

Petitioner subsequently filed an application for asylum, but an immigration judge pretermitted the application and ordered Petitioner's removal. (Id. ¶ 36). Petitioner appealed that decision to the Board of Immigration Appeals on February 13, 2026, and the matter remains pending. (Id., Ex. C).

Petitioner was issued a work permit and has been gainfully employed. (Id. ¶ 36). He has no criminal convictions. (Id.). Moreover, he is married to an American citizen who is currently six months pregnant with Petitioner's child and is reliant on Petitioner's financial and emotional care. (Id. ¶ 37, Exs. D-F).

---

[1] The parties have consented to proceed before the undersigned United States Magistrate Judge. (See Dkt. Nos. 3, 4, 7).

3

They are in the process of filing an I-130 visa petition for Petitioner with United States Citizenship and Immigration Services. (Id. ¶ 37).

On May 17, 2026, LAPD officers arrested Petitioner for reckless driving in violation of California Vehicle Code 23103(a). (Answer at 2). Five days later, on May 22, Petitioner appeared for his ICE check-in and was re-detained, despite having complied with all the requirements of his release. (Petition ¶ 35). Petitioner has not received any opportunity to contest whether his detention is warranted based on flight risk or danger to the community. (See id. ¶ 38).

**DISCUSSION**

As indicated above, Petitioner seeks immediate release from ICE detention on the ground that his arrest by ICE at a regular check-in appointment on May 22, 2026, without prior notice or other procedures violated his Fifth Amendment right to due process.[2] (See Petition at 11-14; Reply at 2-5). Respondents contend that Petitioner was properly detained because ICE has discretionary authority under 8 U.S.C. § 1226(a) to arrest and detain noncitizens with pending removal proceedings against them, and Petitioner's recent arrest for reckless driving constituted a change in circumstances which justifies the revocation of his prior release.

---

[2] Because relief is warranted based on procedural due process, the Court need not address the Petition's other cited grounds for relief. (See Petition at 11-15).

4

(See Answer at 2). For the reasons explained below, Petitioner is entitled to release from custody, among other relief, because his re-detention without prior notice and a hearing violated due process.

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. The Supreme Court has firmly established that "the Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 679 (2001); see also Trump v. J.G.G., 604 U.S. 670, 673 (2025) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in the context of removal proceedings." (citation omitted)). "Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. That liberty interest persists even for those who have been previously detained, and who remain subject to "significant constraints on their liberty or over whose liberty the government wields significant discretion." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); see also Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("The fact that a decision-making process involves discretion does not prevent an individual from having a protectable liberty interest."). In such circumstances, the government's decision to release an individual from custody creates "an implicit promise," upon which that individual may rely, that his liberty "will be

5

revoked only if he fails to live up to the . . . conditions [of release]." Morrissey v. Brewer, 408 U.S. 471, 482 (1972). Thus, "as numerous courts have held, a noncitizen released from custody pending removal proceedings has a protected liberty interest in remaining out of custody." Valencia Zapata v. Kaiser, 801 F. Supp. 3d 919, 932 (N.D. Cal. 2025) (citing Romero v. Kaiser, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022); Jorge M.F. v. Wilkinson, 2021 WL 783561, at *3 (N.D. Cal. March 1, 2021)); see also Pinchi, 792 F. Supp. 3d at 1032; Pablo Sequen v. Kaiser, 800 F. Supp. 3d 998, 1009 (N.D. Cal. 2025).

Petitioner, having been previously released on his own recognizance, therefore has a protected liberty interest in remaining out of custody. "The constitution typically 'requires some kind of a hearing before the State deprives a person of liberty or property,'" particularly because the loss of liberty "cannot be fully compensated after the fact." Salcedo Aceros v. Kaiser, 2025 WL 2637503, at *5 (N.D. Cal. Sept. 12, 2025) (quoting Zinermon v. Burch, 494 U.S. 113, 127 (1990)). To determine what process he is due, the Court considers the following three factors from Mathews v. Eldridge, 424 U.S. 319 (1976):

First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved

6

and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

As to the first factor, Petitioner has been living in the United States for more than four years, since May 2022, and his wife is more than six months pregnant and relies on him for financial and emotional care. (See Petition ¶¶ 34, 37). His private interest in remaining at liberty is significant. See, e.g., Pinchi, 792 F. Supp. 3d at 1033 (petitioner had substantial private interest "in remaining in her home, continuing her employment, providing for her family, obtaining necessary medical care, maintaining her relationships in the community, and continuing to attend her church"); Ortega, 415 F. Supp. 3d at 970 (petitioner had substantial private interest in remaining on bond, as he was "living with his wife, spending time with his mother and other family members, working as a bicycle mechanic, and developing friendships in his community"); see also Morrissey, 408 U.S. at 482 (a parolee's liberty is "valuable" since it "enables him to do a wide range of things open to persons who have never been convicted of any crime," such as being employed, spending time with family and friends, and "form[ing] the other enduring attachments of normal life").

As to the second factor, the risk of erroneous deprivation of liberty is high if Petitioner is deprived of any custody

7

redetermination hearing or is provided a hearing only <u>after</u> he has been detained. Particularly as Petitioner was previously released upon being found not to pose a flight risk or danger to the community, an arrest without a prompt hearing or other procedural safeguard poses a significant risk of error, with substantial harm. <u>See also</u> <u>Rivera Larios v. Albarran</u>, 2025 WL 3043391, at *8 (N.D. Cal. Oct. 31, 2025) ("The risk of erroneous deprivation of a noncitizen's liberty interest is particularly high where, after being previously found to not be a flight risk or danger to the community, the government seeks to re-detain them without a hearing or other procedural safeguard." (citing <u>Garcia v. Andrews</u>, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025); <u>Arzate v. Andrews</u>, 2025 WL 2230521, at *5 (E.D. Cal. Aug. 4, 2025))); <u>Padilla v. U.S. Immigr. & Customs Enf't</u>, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) ("Due process protects against immigration detention that is not reasonably related to the legitimate purpose of effectuating removal or protecting against danger and flight risk." (citing <u>Zadvydas</u>, 533 U.S. at 690-91)).

This is true notwithstanding the fact that Petitioner was detained five days after his arrest by the LAPD for reckless driving. Even in such circumstances, "[t]he government's unilateral determination that re-detention is warranted is far less likely to be correct than the decision reached by a neutral adjudicator in a bond hearing." <u>Duong v. Kaiser</u>, 800 F. Supp. 3d 1030, 1040 (N.D. Cal. 2025); <u>see also</u> <u>Kandola v. Warden, Cal. City Det. Facility</u>, 2026 WL 1243464, at *2 (E.D. Cal. May 6, 2026) ("Petitioner's 2025 conviction and re-detention immediately upon release from jail does

not diminish [his] liberty interest."); Ortiz v. Warden, Cal. City Corr. Ctr., 2026 WL 1104037, at *1 (E.D. Cal. Apr. 22, 2026) ("While petitioner's misdemeanor conviction may be relevant to a neutral decisionmaker's determination at a bond hearing, it does not eliminate petitioner's due process right to such determination."); Anzor I. v. ICE Field Off. Dir., 2026 WL 787978, at *3 (E.D. Cal. Mar. 20, 2026) ("That Petitioner's detention by ICE occurred immediately upon his release from criminal detention after being sentenced to time served amplifies the significance of his liberty interest."); Navjot S. v. Warden of Golden State Annex Det. Facility, 2026 WL 370140, at *3 (E.D. Cal. Feb. 10, 2026) ("[T]he fact that Petitioner has a prior arrest only highlights the necessity of procedural safeguards where a neutral decisionmaker can consider all facts and evidence to determine whether Petitioner's detention is now justified."); Ramirez Tesara v. Wamsley, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025) ("[T]he fact 'that the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.'" (quoting E.A. T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025))). Respondents have offered no basis to show that Petitioner's reckless-driving arrest justified re-detaining him without any hearing to assess whether detention was needed or even justified. Petitioner has no criminal convictions, and for four years he has complied with all the requirements of his release and attended every scheduled ICE check-in. At the very least, he was entitled to an opportunity to challenge the basis for re-detention.

Furthermore, "there is no countervailing government interest – the third and final Mathews factor – that supports conducting a bond hearing only after [Petitioner] has been detained, rather than in advance thereof." Pinchi, 792 F. Supp. 3d at 1036. Indeed, "[t]he efficiency burden entailed by a bond hearing would be minimal. As other courts have observed, bond hearings require little expenditure of resources." Duong, 800 F. Supp. 3d at 1040. Although "[t]he government may have 'a strong interest' in detaining noncitizens during the pendency of removal proceedings as needed to 'protect[] the public from dangerous criminal aliens,' or to prevent flight and thereby 'increase the chance that . . . the aliens will be successfully removed,'" Pablo Sequen v. Kaiser, 800 F. Supp. 3d 998, 1013 (N.D. Cal. 2025) (quoting Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022)), Respondents have not argued that any delay attributable to a pre-deprivation hearing would have risked flight or harm to others. As such, there is no significant government interest in foregoing a pre-detention hearing.

On balance, the Mathews factors show that Petitioner was entitled to notice and a hearing prior to being re-detained. See also Zinermon, 494 U.S. at 127 ("Applying [the Mathews] test, the Court usually has held that the Constitution requires some kind of a hearing before the State deprives a person of liberty." (emphasis in original)); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) ("We have described 'the root requirement' of the Due Process Clause as being 'that an individual be given an opportunity for a hearing before he is deprived of any significant protected

interest.'" (quoting <u>Boddie v. Connecticut</u>, 401 U.S. 371, 379 (1971)) (emphasis in original)); <u>Pinchi</u>, 792 F. Supp. 3d at 1036 (<u>Mathews</u> test weighed in favor of requiring pre-detention bond hearing for noncitizen previously released on bond during pendency of removal proceedings); <u>Pablo Sequen</u>, 800 F. Supp. 3d at 1014 (same). Having been deprived of that right, Petitioner is entitled to release from detention. <u>See, e.g.</u>, <u>Sompal v. Semaia</u>, 2026 WL 311587, at *2 (C.D. Cal. Feb. 3, 2026) ("[O]rdering a bond hearing without immediate release would not address the harm being done to Petitioner, who would continue to be held in detention without due process until the bond hearing takes place.").

**ORDER**

Accordingly, the Court GRANTS the Petition (Dkt. No. 1); DENIES as moot the TRO Application (Dkt. No. 6); ORDERS Respondents to release Petitioner Ivan David Duque Mancera (A# 240-327-212) immediately from immigration detention under the same conditions to which he was subject prior to his current detention; and ENJOINS and RESTRAINS Respondents from re-detaining Petitioner without providing him with notice and a pre-deprivation hearing before a neutral decisionmaker at which the government bears the burden of

11

proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 11, 2026

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

12